GARRETT, Judge,
concurring in part; dissenting in part.
I concur as to the result, but respectfully suggest that reconsideration is not necessary. We should reverse and remand for further proceedings consistent with a denial of appellee’s motion to suppress.
Deputy Moore found a paper bag and a sweat shirt inside a trash bag in the trunk of appellee’s car. The paper bag contained three small plastic bags containing approximately 200 very small plastic bags, three single edge razor blades, a portable scale, and a clear plastic bag containing a lump of white powder. He found $5,487 rolled up in the sweat shirt. The deputy testified that he had requested permission to search the car and its entire contents. Appellee testified that the deputy did not ask to search the car. The trial judge accepted the deputy’s version and found that appel-lee had consented to the search of the car, but then ignored the deputy’s testimony that the request to search the car included the entire contents of the car or interpreted State v. Wells, 539 So.2d 464 (Fla.1989), aff'd on other grounds, — U.S. -, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990), to mean that the deputy was required to obtain separate permission to search any containers that might be in the car despite appel-lee’s blanket consent. If the trial court chose to ignore the deputy’s testimony about consent to search the entire contents of the car, its findings were unsupported by the record. If the trial court interpreted Wells to stand for the proposition that law enforcement officers must obtain consent to search each container found in a car, its interpretation is contrary to the Supreme Court’s recent holding in State v. Jimeno, 564 So.2d 1083 (Fla.1990), reversed, — U.S. -, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) (police need not separately request permission to search each closed container within a car where consent would reasonably be understood to extend to a particular container).
Sub judice, the trial court found the deputy’s testimony about his request to search to be credible. Based on the record the trial judge must find that the deputy’s re *1259 quest included the entire contents of the car and that a typical reasonable person would have understood that the phrase entire contents included every container within the ear.